yes good morning your honors my name is David Clisham I am the attorney for appellant Mary Ganley and I would like to reserve two minutes for rebuttal the key issue before you is whether Mary Ganley received due process in connection with her dismissal from the San Mateo County Sheriff's Office for reasons of disability and subsequent loss of accrued benefits the district court's decision contains three errors one that two brief unannounced meetings with non decision-makers constituted adequate pre-deprivation of due process for loss of permanent employment number two that receipt of payroll stubs constituted adequate pre-deprivation due process for loss of vested benefits and number three that the county presented relevant facts to raise a triable issue of fact on the waiver issue on an appeal in regard to number one loss of employment the two brief unannounced meetings took place on June 6 2005 and June 21st 2005 one with the Americans for Disability coordinator the other with lieutenant O'Brien who told her to go home the ADA coordinator explained that her industrial injuries prevented her from performing the essential functions of the position of sheriff's correctional officer and that she could not be accommodated she was not removed from her light duty assignment however and thereafter received an official letter from the ADA coordinator informing her that she had a right to reasonable accommodation to continue in her position to continue in her position or to continue with the government with the city to continue in the assignment that I think it was both the I thought it was the latter because this accommodation of temporary duty was just to help her out as she went along but two doctors her and another said she couldn't do the work of her designation so I assume the accommodation was to some other department or something no I the letter specifically says that you have the right to request a reasonable accommodation to perform your job that's what it says it did not imply that she could that she could work in some other position in the county what do we do that the evidence is very clear that she couldn't do her job she couldn't do takedowns her own doctor said that which is required for a position how do you how do you what do we do with that how do you accommodate when she physically can't do the job of her assignment well first of all the the sheriff's office stuff it does have light duty and the ground for dismissal or suspension is clearly set forth in the county's own rules in article 13 of the civil service rules which says you can be dismissed or suspended for incapacity to perform the duties of the position and that rule itself requires and when that happens you're supposed to give the employee five days notice and enough information to respond and the county did not comply with its own rule on that in that regard in other words there's a process once the county makes up its mind that the person can't do the job which they had in this case already then for example because they had concluded that they put on light duty and she was performing satisfactorily on light duty and so there was no reason not to continue her in that status during the dismissal process so I see you're just talking about during the dismissal process not permanently well the local rules say that when you're you know when you can't do the job you can be dismissed but you got to follow the procedure and in this case really is due process they didn't follow their own procedures nor did they follow the procedures required by the Supreme Court when somebody's losing their job for any reason and it's it's a it's not an onerous procedure you know we give the person five days notice under the local rules it could be longer under due process and an opportunity to respond prior to the decision to take you off the job and they just didn't do that because they didn't think they had to because they said it was not discipline but they didn't regard it as as removing somebody from the job they just said what we can just you know tell you to go home and that's unconstitutional you can't just send somebody home and take them off the payroll without some minimal due process before and appeal after and they denied both of those and there's no no question that the district court found that she had a property interest in her job and secondly and independently of that in the accrued benefits the vacation and the accrued sick leave which is changed into for every eight hours of sick leave you can use it for for disability for for retiring medical insurance and so that it's an encouragement for employees not to use your sick leave because they can save it up and then when they they retire they can use that for for retiring medical insurance and in this case that was wiped out because they took her off the regular payroll and started burning up these vested benefits and the district court said clearly that was a deprivation of her property and so that in itself required due process you know primarily because the removal from the job she was not afforded due process so so there's really two it was two distinct property interest here and the district court felt that notice on the the payroll stubs that she was receiving was adequate due process and it it it isn't it it it is in the court in the court yes yes just what information did the payroll stubs purport to give to mrs. you know when you get a check if you're being paid out of your sick leave it's indicated on the check that that's the source of the income so there was some some notice that that that these accounts were being used that's right that's right she was sent home sent home and then the next check she got after she was sent home it indicated it was sick leave yes not regular pay that's right and when she was sent home I think that was on the 21st yes she was told that she could not perform the job anymore what what was she told on the 21st lieutenant O'Brien said that you're to go home that's about what she was told very much I mean I mean Mary essentially knew she was being sent home because of the disability on June 6 she was told that she could no longer do the regular job because of her disability she knew the county was taking the position that she could no longer do the job that's right she was being asked to home told to go home and then she received a check but she's no longer getting her regular pay yes so at that time it seems to me that what you're arguing is that was not sufficient notice that her job was being terminated maybe had not been terminated at that point I don't know but this was not sufficient to satisfy the notice requirement for due process that's your that's my argument that's our contention yes now if that was sufficient notice then she would have had an opportunity to say well give me a chance to perform something else or she would have been had an opportunity to respond yes now did she ever do that did she ever respond and say wait a minute women I can perform this job those doctors reports aren't no big I think I think your honor to you know to be very direct she I mean she didn't do that but due process requires that they do it that they tell her beforehand we are thinking of doing this that's the notice and you have an end here's our evidence and then the next step is to give you an opportunity to come in to respond at that point at that point if that had happened she would have said I want to stay in light duty I'm performing the job and you know I'm performing the job there's no complaints you know I have good evaluations I want to stay in light duty so then the issue at that point can she stay on the regular payroll until they retire her that's the issue none of that happened they made their mind up and just told her that she was being terminated they didn't give her an opportunity to debate staying on the regular payroll nor did they give her an opportunity to say hey look I don't want to have my vacation burnt up I need that money I need the I need the sick leave in order to get retired medical benefit I know I'm going to get retired but let's separate the two issues if you don't mind let's assume that the first issue on termination is off the boards just because I want to focus on the second one so if the notice is inadequate as to the deprivation of the benefits what's the remedy at this point the remedy at this point is to remand it to the district court and reverse this and and the remedy is to give her back pay I mean under the state under the state case it back pay and under section 1983 she's entitled to whatever damages she can prove for well and I'm just talking about the benefits now not not the back pay for for the time she lost if you are those damages in your estimation or can those damages be segregated or not well if you just if you just filed a suit on the inadequacy of the notice of the pay stub and that she if we're focused in on that issue is there a different remedy that you want or not well I I think it's it's the same kind of remedy under barber versus state state personnel board that the remedy for a due process violation is is that you're to be paid back pay until you get the hearing and she's never had a hearing she's never had a pre-termination hearing nor has she had a post termination appeal no hearing whatsoever so until she gets a hearing she's back in the payroll okay our questions have taken you over your time any further questions from the panel thank you very much and because our you're from the county yes good morning your honors may it please the court I am carol woodward with the county council representing the county of san mateo your honor this is the court knows this is a procedural due process case and as the court knows there is a property interest in continued employment in a public entity such as miss ganley had the question before the court today is whether miss ganley had the opportunity to protest being put on to the sick leave and vacation aspect as opposed to this woodward first of all the county had some obligation to provide her with notice I think that she was being terminated and that she had an opportunity for a hearing or to respond in some way if she wished is that right yes your honor absolutely right county apparently told her she was terminated that or was she was going home and the pay stuff said she wasn't getting any more money so she probably did that did they give her any notice that she would be entitled any kind of a hearing or was entitled to respond in some way to this your honor this is not a question of the county turning to miss ganley who as the court knows was the union president for a couple of years and also was on the executive council and was a 24 year employee our position is that the county did not have a duty to tell miss I think that I think the narrow question was did the county do it I think there may be some follow-ups but yes did the county provide any notice the county did not say to her on the 21st of June you have a right to appeal that's correct they did not say that on June 6th the county did say you have an ADA right to we say you cannot do your job because your doctors say that and by the way there was no protest against the doctors starting in June and January and February of that year miss ganley knew the purpose of those exams so come June 6 she had a meeting with the ADA coordinator and with the workers comp coordinator and with a I think one or two other folks who said here are your options one option is ADA accommodation she did not ask for that one is workers comp vocational rehabilitation she did not ask for that and then starting June 6 and continuing on through November or December she was in constant contact with the county folk including the ADA coordinator with the ADA coordinator who kept who as I recall was saying what can we help you with this the vocational rehab person who said can we retrain you can we find you a different job in the it seemed to the county people as if miss ganley had made an election to continue to receive full pay using her sick and her vacation pay because she also was receiving she was continuing to accrue benefits from the county and to have contributions from the county to her retirement which by the way increased her retirement when she did apply for it in August so it's it the records suggest and I believe it's correct and I think a reasonable jury would have to find that that was an election on her part and that she did it purposefully and I don't and you're right it was not a perfect meeting on June 21st we'll concede that it may have been as the as the district court said as judge Henderson said it would have been a good idea on the 21st for miss O'Brien lieutenant O'Brien to say here are your are your appeals you have a the MOU okay you have the ADA option you have the vocational rehabilitation option you even have an EEO option if you think you've been discriminated against according to your disability but really importantly there's never been any objection on her part to the fact that she was disabled and she couldn't do her job she knew that the second issue in the case is the accrued sick I find it really hard to I mean my problem with your case on this is it's hard for me to say that a pay stub is equivalent to notice and notice that she was going to lose these benefits it's the meeting I think you have an arguable point and then of course they've responded but it's really hard for me to see how the pay stub is adequate notice well I mean I you know usually you'd say here's what's happening to you and you have a right to talk to us but sending a pay stub taking it away is a deprivation and I don't see how she got a post deprivation hearing or even pre-deprivation the response that Ms. Ganley has to our argument that the pay stub was was notice that she was being paid out of her sick leave and her vacation okay and that she was not receiving 4850 which is the one year workers comp aspect her response to that is well I expected to receive 4850 pay because others had received it okay and with an incomplete declaration as to the similar circumstances we say they weren't and because well I expected it and as Judge Henderson very I think very thoroughly pointed out the expectation by itself is not something that's supported by the give her the 4850 which would restore that sick leave I let me back up for a minute the sick leave and the vacation coming out of her being used to pay her and we are saying that the notice was received with the pay stub her her response to that as well I expected that that would be restored therefore it was not alarming to me and I didn't even I didn't do anything about it I didn't appeal I didn't do any of those other things aren't our responses that's just not reasonable there's nothing in the record and there's nothing before the court that would suggest that that was a reasonable expectation there was no workers comp why does it really matter in the context of notice because because she's saying subjectively I had a different expectation but the really the question is did you give her sufficient notice that would have put her alerted her to the fact that she was going to lose these accrued benefits well pay stuff doesn't say you are losing your accrued benefits it said you're getting sick leave right now and she thinks I'm going to get that restored right erroneously but the question is adequacy of notice and then whether or not she had a chance to really argue the case and a post deprivation right but each pay stub said you used to have 325 hours of sick pay now you have 300 hours you know or whatever the number was and the next paycheck said now you have 230 hours and so forth so our position is that was adequate notice and the other part of it is that she did know about her myriad rights to appeal we had at least three forums in which she could appeal so I do believe that that would constitute adequate notice and suppose suppose we hold that it doesn't where does that leave you on that issue if you hold it she did not have notice notice of as to the accrued deprivation of the accrued sick leave well we also have well there is the application for retirement where she says I'm being I'm on paid leave and just common sense has to kick in here to say wait a minute I'm not working so my pay has to come from somewhere yeah but here's the problem I have we're in summary judgment and we draw you make your argument makes perfect sense except that at this stage we draw the inferences all the other way so we're in the area where we have to draw inferences from what she said but the pay stub may have said then then we draw them in favor the plaintiff so I mean that's I'm just telling you what my hesitation is on this case so you can address it right and the only the only response I have to that is that when confronted with the paycheck argument that is the paycheck constitutes notice her only response is well I expected different she didn't say I didn't know that she simply said well yeah I saw the the sick leave and the vacation depleting but oh well I thought it would be restored and there's just no basis for that there as I say there's no workers comp claim pending she knows that in order to get 4850 restoration it would have to be approved and she'd already been denied at least once in her 15 workers comp claim she'd been denied and so forth so that is not just not reasonable so let me ask you the same question I asked your opponent if we were to hold that there was a due process deprivation as to that issue alone what is the remedy at this point I think if she says back hey I don't believe it would be because she there's not a back pay issue the restoration of the benefits is what I would see but I think how much is that you know mr. Clisham knows that number all right well you can you can tell us a rebuttal yes thank you any further questions thank you for your argument thank you honor we'll give you one minute for rebuttal yes thank you I think that the county tries to place the burden on on the employee and and I think there's I think that I think the cases are clear that that the employee has to be given under due process a notice of an intended action and an opportunity to respond you know you know before the deprivation and under the county's rules that's only a five-day notice that is not a burden on the the county has to inform her that she has to have an appeal hearing and if she didn't request an appeal hearing did they I mean that's not a horse on her that's that's a horse on on the county they because the failure to demand a hearing does not constitute waiver mr. have you spoken with our settlement people we have here in the court our mediation unit at all seems to me that what you got here is a couple of sides and you're arguing about some money and there ought to be some reasonable basis for you to settle your case have you tried that with our mediation people here I totally agree with you your honor the county has has rejected any of those those forms of remedy so that's why we're here so much do we have at stake on the accrued sick leave alone it's about seven months seven or eight months and so that would be approximately what oh pardon me your honor it's about seven months of sick pay and and the vacation pay was vested that should have been paid out in cash once she was removed from the payroll okay so that's not an issue no yeah okay any further questions I think we have your case in hand I think thank you both for your arguments okay and that case will be submitted for decision
judges: Wallace, Thompson, Thomas